IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

BIODIESEL CAPITAL MANAGEMENT, LLC,   )
                                     )
        Plaintiff,                  )
                                     )
vs.                                  )        No. 06-2061BV
                                     )
BIODIESEL OF MISSISSIPPI, INC.,      )
WILLIAM T. TACKER, II,               )
individually and d/b/a               )
BIODIESEL REFINERY OF                )
MISSISSIPPI CORPORATION,             )
CHUQUATONCHEE OIL REFINERY, LLC,     )
JOHN MICHAEL TACKER,                 )
AMARILLO OIL CORPORATION,            )
and RED PANTHER FUEL COMPANY, LLC,   )
                                     )
        Defendants.                 )
_____

ORDER GRANTING CARGILL INC.'S MOTION TO INTERVENE
_____

Before the court is the February 6, 2006 motion of Cargill, Incorporated ("Cargill") pursuant to Rule 24 of the Federal Rules of Civil Procedure for leave to intervene as a third party plaintiff in this action to protect its rights as a state court judgment lien creditor of the defendant, Biodiesel of Mississippi, Inc. ("BMI"). The motion was referred to the United States Magistrate Judge for determination. For the reasons that follow, the motion is granted.

The plaintiff in this diversity action, Biodiesel Capital Management, LLC ("BCM") filed its complaint on January 31, 2006,

1

seeking money damages from Biodiesel of Mississippi, Inc., ("BMI") and William T. Tacker, II, for breach of contract between BCM and BMI, fraud and misrepresentation, and conversion.  BCM also seeks extraordinary relief including the issuance of a temporary restraining order, a preliminary injunction, a permanent injunction, and the appointment of a receiver.  Named as additional defendants for the purpose of subjecting them to injunctive relief are Chuquatonchee Oil Refinery, LLC, John Michael Tacker, Amarillo Oil Corporation, and Red Panther Fuel Company, LLC,.  On January 31, 2006, U.S. District Judge J. Daniel Breen granted the requested temporary restraining order ("TRO").  At a February 8, 2006 hearing on the application for appointment of a receiver and the issuance of a preliminary injunction, Judge Breen held in abeyance the appointment of a receiver pending resolution of Cargill's motion to intervene.

FACTUAL BACKGROUND

BMI entered a management agreement with BCM on August 25, 2005. (Compl. at ¶13; Pl.'s Mem. in Supp. of Pl.'s Objection to Cargill, Inc.'s Mot. to Intervene at 4 ("Pl.'s Mem").) Pursuant to the agreement, BMI granted BCM a security interest in BMI's accounts receivable, equipment and inventory. (Compl. at ¶15; Pl.'s Mem. at 4.)  BMI also granted BCM a security interest in its refinery in Nettleton, Mississippi ("the Nettleton property"). (*Id*.)  BCM alleges that it perfected its security interest in BMI assets by

filing a UCC-1 Financing Statement with the Mississippi Secretary of State on September 9, 2005. (*Id.;* Compl., Ex. C.)

In August of 2005, Cargill filed suit against BMI in the Northern District of Mississippi for the balance on an account owed by BMI to Cargill for the purchase of materials inventory. BMI was served with the lawsuit on August 29, 2005. (Compl. at ¶27m.) On November 7, 2005, U.S. District Judge Glen H. Davidson for the Northern District of Mississippi, granted a default judgment against BMI to Cargill in the amount of $163,847.51. (Cargill, Inc.'s Mem. in Supp. of Mot. to Intervene ("Cargill Mem.") at 2; Cargill Reply Mem., Exh. A.) Cargill registered and recorded its judgment in Monroe County, Mississippi, on December 27, 2005. (*Id.*) In an effort to execute on the judgment and discover assets, Cargill has deposed William T. Tacker, II, President of BMI, and H. Max Speight, Corporate Secretary of BMI, issued garnishments on three banks where BMI has funds, noticed depositions of Tracey Plaxico, BMI's bookkeeper, and William T. Tacker III, the operator of the Nettleton refinery. (Cargill Reply at 9.)

## ANALYSIS

Under Rule 24(a) of the Federal Rules of Civil Procedure, a party is entitled to intervene as a matter of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may, as a practical matter,

impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). Alternatively, under Rule 24(b), a court in its discretion may grant a motion to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." FED. R. CIV. P. 24(b)(2).

To be entitled to intervene as a matter of right, a party must satisfy four requirements: (1) the motion must be timely; (2) the proposed intervenor must have a "significant legal interest" in the subject of the pending litigation; (3) the disposition of the action may impair or impede the proposed intervenor's ability to protect its legal interest; and (4) the parties to the litigation cannot adequately protect the proposed intervenor's interest. *Jansen v. City of Cincinnati*, 904 F. 2d 336, 340 (6th Cir. 1990)(citations omitted). Cargill meets all four requirements.

To determine if a motion to intervene is timely, the court must consider the following criteria: (1) the stage of the proceedings; (2) the proffered purpose of intervention; (3) the length of time preceding the application to intervene during which the proposed intervenors knew of their interest in the case; (4) potential prejudice to the parties attributable to the intervenor's delay; and (5) the existence of unusual circumstances. *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

This case is at a very early stage of proceeding. BMI's

complaint was filed on January 31, 2006. The TRO was granted that day and docketed on February 1, 2006. Cargill's motion to intervene was filed on February 6, 2006, within one week of the filing of the lawsuit. Cargill moved to intervene as soon as it learned of the lawsuit and the TRO. Cargill was represented by counsel at the hearing on the application for preliminary injunction and appointment of receiver on February 6, 2006. Cargill's proffered purpose in intervening is to protect its rights as a judgment creditor and lien creditor by having input in the selection and direction of a receiver. Cargill does not oppose the appointment of a receiver and no prejudice will result to BMI by allowing Cargill to intervene. Thus, Cargill's motion is timely.

The critical issue is whether Cargill has a significant legal interest in the property which is the subject of the litigation. The Supreme Court has defined Rule 24(a)'s requirement of "an interest relating to the property or transaction which is the subject of the action" as a "significantly protectable interest." *Donaldson v. United States,* 400 U.S. 517, 542 (1971)(*superceded* by statute, Tax Reform Act of 1976, Pub. L. No. 94-455). The Sixth Circuit requires that an applicant for intervention must have a significant legal interest in the subject matter of the litigation. *Jansen*, 904 F. 2d at 341. Cargill claims that its state court judgment and judgment lien on the Nettleton property is such a legally protectable and significant legal interest created by

5

statute.

    BCM asserts that its security interest takes priority over Cargill's judgment lien on the Nettleton property pursuant to Miss. Code Ann. § 75-9-312 and therefore Cargill has no interest in the Nettleton property to protect.  Cargill, however, raises serious questions as to whether BCM has properly perfected its security interest.  Cargill points out that the UCC-1 filed by BCM with the state of Mississippi was not signed by BMI, and secondly, that a UCC-1 filing is not effective to perfect a security interest in land in Mississippi.  If Cargill is correct, it would have an interest in the Nettleton property superior to that of BCM and therefore would have an interest in the property "substantial enough to warrant intervention." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)(recognizing that the Sixth Circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right.)  The court need not decide the priority of the liens at this time in order to determine whether intervention is appropriate.  It is sufficient for the court's purpose to recognize that Cargill has an interest in the subject matter of this litigation, i.e, the Nettleton property, that may be superior to that of BCM and that intervention would allow Cargill to assert its interest and determine the priority of liens on the Nettleton property.

    To satisfy the impairment element of the intervention test, a

would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. *Michigan State AFL-CIO*, 103 F.3d at 1247. The burden is minimal. (*Id.*) The TRO prohibits Cargill from taking any action to execute on the assets of BCI to execute on its judgment as will the preliminary injunction. The order appointing a receiver may delineate the actions the receiver can take as to the Nettleton property.

Other courts have allowed judgment creditors to intervene to assert a lien on property which is the subject matter of a lawsuit or to share in any distribution of proceeds. *See, e.g. Sec. and Exch. Comm. v. Flight Transp. Corp.*, 699 F. 2d 943 (8th Cir. 1983)(lessor that had unliquidated claim against corporation allowed to intervene in SEC enforcement action against the corporation when corporation had no other assets); *FDIC v. Engle,* 524 F. 2d 1339 (9th Cir. 1975) (transferee's state court judgment creditors allowed to intervene in federal action by creditor to set aside transfer of real property). Thus, Cargill has demonstrated that its ability to protect its judgment lien on the Nettleton property and collect on its state court judgment against BMI will be impaired and impeded if it is not allowed to intervene.

The prospective intervenor's burden on the inadequate representation element is also minimal. *Michigan State AFL-CIO*, 103 F.3d at 1247. The moving party does not need to show that

representation will in fact be inadequate; it is sufficient to show that it may be inadequate. Here, it is not clear that Cargill's rights will be adequately protected by BCM because BCM and Cargill have competing interests in the same property. Cargill's attorneys had previously determined that a conflict of interest existed between Cargill and BCM that precluded both companies from being represented by the same counsel. Cargill alleges that BCM's proposed order for appointment of a receiver attempts "to delineate tasks and responsibilities of the receiver, all for the sole benefit of [BCM]." (Cargill Reply at 4.) Thus, Cargill has satisfied this element.

Finally, allowing Cargill to intervene at this time will not destroy diversity jurisdiction of this court under 28 U.S.C. §1332. BCM is concerned that Cargill may join Speight, a Tennessee resident, as a party defendant, based on Cargill's suggestion that it may seek to enforce its judgment against Tacker, BMI's President, and Speight, BMI's Corporate Secretary, individually if BMI's assets are insufficient. (Cargill Mem. at 3.) If and when Cargill decides to pursue Speight individually, the court will have the opportunity to decide if Cargill is permitted to join Speight in this action or if Cargill is required to join Speight. BCM's concern that diversity jurisdiction will be destroyed by allowing Cargill to intervene is speculative at this time and should not defeat the intervention of Cargill.

For the above reasons, Cargill's motion to intervene is granted.

IT IS SO ORDERED this 27th day of February, 2006.


                                                             S/ Diane K. Vescovo
                                                            DIANE K. VESCOVO
                                                            UNITED STATES MAGISTRATE JUDGE